(No. 2072—

JAMES MORLOCK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 15, 1935.*

CHARLES J. MCKEOWN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

James Morlock, claimant, was the proprietor of a gasoline filling station located at 401 South Chicago Street, in the city of Joliet, Illinois, that location being on the southwest corner of the intersection of East Marion Street with said South Chicago Street, both streets being public highways. He sold the usual grades of fuel oils and various automobile accessories and supplies. He did car greasing, and servicing cars, repairing tires, etc., and from this business he received a fair and reasonable profit, and was entitled to

the enjoyment of free and unobstructed ingress and egress to and from his said place of business, both for himself and patrons, access being had to the said premises by means of South Chicago Street.

The declaration further charges that on October 5, 1932, South Chicago Street was closed to all traffic by the Division of Highways of the Department of Public Works and Buildings of the State of Illinois, from the south line of the intersection of East Washington Street to the north line of the intersection of Fifth Avenue, which blocked off the claimant's place of business, and that the said South Chicago Street remained closed from the Fifth day of October, 1932 to the Eighth day of December, 1932.

It is charged that the closing off of the streets herein mentioned caused the claimant damage in the sum of $750.00. A Bill of Particulars was filed showing the profit that accrued to the claimant for preceding months.

The Attorney General has moved to dismiss.

It is not claimed that the State unreasonably delayed the work being done. The declaration charges that the closing of this street was done by the Division of Highways of the Department of Public Works and Buildings of the State of Illinois, and was done for the purpose of improving the public highway. It is not claimed that any of the claimant's property was taken, but only that he suffered loss of profits while this improvement was being constructed. It is not contended that the action of the State was without warrant of authority.

In the construction of such improvements for the benefit of the public, that some citizens should suffer inconvenience, expense, or loss of business necessarily occasioned to the owners of abutting property during the progress of the work in cases of this character, is unavoidable, but this would not give a cause of action against a municipality under the same circumstances. (See *Peck* vs. *Chicago Rys. Co.*, 270 Ill. 35, 40, and cases therein cited.)

For the same reason, the same circumstances would give no cause of action against the State. The case above referred to and the cases cited therein are in point in this case.

Therefore, the motion of the Attorney General in this case will be sustained.